# UNITED STATES DISTRICT COURT

# DISTRICT OF MAINE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | Criminal No. 2:11-cr-113-DBH |
| | ) | |
| SHAWN SAYER, | ) | |
| Defendant | ) | |

## ORDER ON DEFENDANT'S MOTION TO RETURN NON-EVIDENTIARY PROPERTY

The defendant's motion under Fed. R. Crim. P. 41(g) to return non-evidentiary property seized in connection with his prosecution and conviction for cyberstalking, Motion to Return Non-Evidentiary Property (ECF No. 164), is **DENIED**. It appears that everything has been returned to the defendant except two computer hard drives, and they are the subject of the dispute.[1]

This Circuit holds that "such motions are to be treated as civil complaints for equitable relief" and that "the civil preponderance-of-the-evidence standard applies." United States v. Uribe-Londono, 238 Fed. Appx. 628, 630 (1st Cir. 2007). I apply that standard here. There are two reasons for denying the motion in this case.

---

[1] The government asserts that it provided the defendant's brother "a compact disk and thumb drive containing images and videos copied from the hard drives of the Defendant's two computers" (apparently "the family photos and videos that were on the hard drives," except for those with images of the victim), Government's Statement Regarding Return of Property at 1 (ECF No. 184), and attaches a Receipt from the defendant's brother acknowledging receipt. The defendant, however, still wants the hard drives themselves, and has rejected a government offer, Government's Reply to Response to Status Report at 2 (ECF No.174), to return the hard drives with images of the victim removed. See Def.'s Reply to the Gov't's Status Report (ECF No. 182). He says that "the sexually explicit photos" can be removed, but not "all pictures of the victim" because they are "the defendant's intellectual property from a 3 year relationship." Movant's Response to Gov't's Statement Regarding Return of Property at 3 (ECF No. 191).

First, the defendant is currently attacking his conviction and sentence under section 2255 based on inadequacy of counsel. If he is successful, the hard drives will be useful evidence in any subsequent trial to show the images of the victim that he maintained and disseminated and how he used the internet as part of the crime. The government has established this by the sworn declaration of Andrea Donovan of the Maine State Police Computer Crimes Unit and her forensic report.[2] Therefore, the government is entitled to retain the evidence at least until the pending section 2255 motion and any appeal are finally resolved. United States v. Pierre, 484 F.3d 75, 87 (1st Cir. 2007) ("However, '[a] Rule 41[(g)] motion is properly denied "if . . . the government's need for the property as evidence continues,"'" quoting United States v. Mills, 991 F.2d 609, 612 (9th Cir. 1993)).

Second, the government has established that the hard drives were derivative contraband,[3] *i.e.*, they were used in committing the cyberstalking crime. (The hard drives contained sexually explicit images of the victim and were used to post them to the internet.) See Uribe-Londono, supra, at 629-30, citing and quoting Pierre, supra, at 87. The government has established this by the

---

[2] In his most recent filing, the defendant "asserts that no illegal content was found on the computers," and that in discovery production in 2011 a "forensic report by Dawn Ergo stated nothing of the victim or the crime was found on that [Gateway] computer." Movant's Response at 4 (ECF No. 191). The defendant's assertion is insufficient to discredit the recent Donovan sworn declaration to the contrary. I do not have the Ergo report, and in any event there is nothing necessarily inconsistent in a later examination finding more evidence than an earlier examination found. Moreover, Donovan's sworn declaration states that, in addition to content on an Acer hard drive, the Gateway hard drive contained copies of a sexually explicit video of the victim that the defendant had altered to include the victim's Louisiana address before the video was posted on the internet, thus providing evidence that the Gateway hard drive was used in committing the crime.

[3] See CONTRABAND, Black's Law Dictionary (10th ed. 2014) (defining "derivative contraband" as "[p]roperty whose possession becomes unlawful when it is used in committing an illegal act.").

sworn declaration already cited. I am aware of no authority for the proposition that if the government chooses to return derivative contraband (here the hard drives) it cannot exclude from them images relating to the victim of a crime.

Accordingly, the defendant's motion is **DENIED**.

**SO ORDERED.**

**DATED THIS 25TH DAY OF MARCH, 2015**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**